## FRANCIS C. SMITH v. STATE OF CONNECTICUT

SUPERIOR COURT          FAIRFIELD COUNTY          FILE NO. 85447

Memorandum filed March 17, 1952.

*Shannon & Wilder*, of Bridgeport, for the Plaintiff.

*Lorin W. Willis*, of Bridgeport, for the Defendant.

MURPHY, J. The petitioner was found guilty of murder in the first degree by a jury on June 7, 1950. The murder was committed on July 23, 1949. One of the witnesses who testified for the prosecution was Edith Springer, then of Stamford, but now serving a three-year sentence in Alabama for receiving stolen property. By her own admission, a warrant has been issued for her in Tampa, Florida, in connection with a robbery.

She has attempted to repudiate certain parts of the testimony she gave on the trial, particularly with reference to identifying Smith as the operator of a gray Cadillac automobile and the registration numbers that were on it at the time she had seen Smith in it.

Miss Springer's evidence in the nearing upon this petition was presented by deposition. She claims that the reason that she gave information about Smith was because she was mad at George Lowden, who was alleged to have been with Smith at the time of the murder. Lowden was tried in November, 1949. She testified against him. He pleaded guilty to murder in the second degree in the course of the trial and received a life sentence. It is impossible to rationalize her claim that she was "getting back" at Lowden when she testified against Smith several months after Lowden's trial had ended.

In her deposition, she stated that registration plate SS404 was mentioned by Lieutenant Hanusovsky in August, 1949, at the detective bureau in Stamford before she signed a statement. Two statements that she signed were produced; one dated July 28, 1949, in Stamford and the other dated August 30, 1949, at Westport. In neither of them is registration number SS404 mentioned. On neither occasion did Lieutenant Hanusovsky see or talk with her. The first time that the lieutenant talked with her was in Bridgeport in September, 1949, on the day that she appeared before the grand jury that indicted Smith and Lowden.

In her statement of July 28, 1949, she said that the Cadillac which Smith drove had Connecticut registration plates SL513. In her deposition, she attributes the recollection of this registration and its connection with Smith to her observation of a Cadillac bearing such a plate in the parking lot at the casino at Lake Kitchewan one night when she was there with someone else and that she saw Smith come out of the casino and walk toward the lake.

Smith's presence in the immediate vicinity of such an automobile is a circumstance that must be given consideration.

At the times that Miss Springer gave these two statements to the police, she was on parole from Long Lane Farm. She stated that she signed the statement of July 28 because Sergeant Hay of the Stamford police promised that her parole would not be revoked if she did so. Actually, he did not know that she was on parole until after the statement had been given and she

stated that she presumed that the parole officer would be after her. Her parole expired September 10, 1949, when she became twenty-one years of age. She was not on parole when Lowden and Smith went to trial.

There are other features of the deposition which make it impossible to believe the truth of her attempted recantation.

Examination of the record in Smith's trial, exclusive of the claimed false testimony of Miss Springer, reveals that if her evidence was discarded entirely there still would be sufficient evidence to substantiate the verdict. Without endeavoring to analyze all of it, I shall only refer to the following: The witness Kane placed Smith in the Hollywood Cafe in Brewster about 1:30 o'clock on the Sunday morning that the New York state police picked up the Cadillac car outside the cafe. The troopers testified that it was the morning of July 24, 1949. The witness Peat identified the car by reason of the rope used to tie down the door on the luggage compartment as the one that Smith had used almost every day in July on his visits to Lake Mamanasco. Also Smith always wore gloves when handling the steering wheel despite the fact that it was in the summer. He removed them upon alighting. When apprehended on July 28 at the Wilton reservoir, gloves were found in his pocket. The car had been stolen in Stamford. Gloved hands do not leave fingerprints. The laundry mark on the shirt found in the car identified it as the property of a Smith in Noroton Heights, where Smith lived. Also, the statement of Sheck a defense witness and friend of one of Smith's sisters, placed Smith in the Three Pines Inn when a gray Cadillac sedan bearing Connecticut markers 513 (letters not recalled) was in the parking lot. Smith was at the bar. A conversation was repeated to Sheck, the bartender, and he purposely looked out the window to see the car. There are other phases of the evidence that definitely tie into the over-all picture and incriminate Smith.

The burden in this petition rests upon the petitioner to prove that the newly discovered evidence would probably bring about a different result. *Pradlik* v. *State,* 131 Conn. 682, 686; *State* v. *Goldberger,* 118 Conn. 444, 457. To paraphrase the opinion in *People* v. *Shilitano,* 218 N. Y. 161, 169, it can be said: Associates and intimates of those who engage in crimes of violence are often of low and degraded character and after they have testified, they are sometimes influenced by improper considerations to recant their testimony. The establishment of a rule

which left the power to grant a new trial to a defendant to depend upon recantations by such witnesses would be subversive of the proper administration of justice. The fact of recantation must be considered by the court in weighing the testimony upon which the defendant was convicted. Recantation in and of itself does not necessarily warrant a new trial. It is one of the circumstances to be considered in a review of all of the circumstances of the case.

In the *Pradlik* case, supra, 687, the Supreme Court repeated the three conditions under which a new trial should be granted, as stated in *Larrison* v. *United States,* 24 F. 2d 82, 87. They are: The court is reasonably well satisfied (a) that the testimony given by a material witness is false; (b) that without it the jury *might* have reached a different conclusion; (c) that the party seeking the new trial was taken by surprise when the false testimony was given and was unable to meet it or did not know of its falsity until after the trial.

The petitioner has failed to prove any of these conditions. The petition for a new trial is denied.